# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

    **Plaintiff,**

vs.                                                Case No. 4:21cv377-MW-MAF

**GADSDEN COUNTY**
**SCHOOL BOARD, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on September 15, 2021. This is the sixth case Plaintiff filed within six weeks.[1] Plaintiff was ordered to either pay the filing fee for this case, or file a motion requesting leave to proceed in forma pauperis. ECF No. 3. As of this date, he has not complied. Additionally, Plaintiff was required to file an amended complaint. ECF No. 3. Again, Plaintiff has not complied and the **October 12, 2021,**

---

[1] Plaintiff filed case number 4:21-cv-00319-AW-MAF, Jones v. Florida Department of Education, on 07/29/21; he filed case number 4:21-cv-00320-MW-MAF, Jones v. Gadsden County School, on 07/29/21; he filed case number 4:21-cv-00323-AW-MAF, Jones v. Gadsden County School Board, on 08/02/21; he filed case number 4:21-cv-00324-MW-MAF, Jones v. Florida Department of Education, on 08/03/21; and he filed case number 4:21-cv-00331-WS-MAF, Jones v. City of Quincy, on 08/06/21.

deadline for doing so has now passed. Because Plaintiff had been warned that if he failed to comply a recommendation would be made to dismiss this case, it now appears that Plaintiff has abandoned this litigation.

It is noteworthy that Plaintiff recently filed a second amended complaint in case number 4:21cv320-MW-MAF, and an Order has been entered in that case today which directs service of that pleading. Accordingly, because Plaintiff cannot simultaneously litigate multiple cases against the same Defendant, that provides another reason why this case should be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337

(11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss an action for failing to comply with Rule 11. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here Plaintiff was forewarned of the consequences of not complying with a Court Order and, yet, failed to prosecute this case. Dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on October 14, 2021.

　　　　　　　　　　　　　　S/   Martin A. Fitzpatrick
　　　　　　　　　　　　　　**MARTIN A. FITZPATRICK**
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**